IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| LARRY HARRIS, SR.,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN JERMAINE WHITE,<br><br>    Respondent. | CIVIL ACTION NO.: 2:23-cv-54 |

### REPORT AND RECOMMENDATION

Petitioner Larry Harris ("Harris") filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, as amended.[1]  Docs. 1, 10.  For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Harris's Petition as untimely filed, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Harris *in forma pauperis* status on appeal and a Certificate of Appealability.

### BACKGROUND

Harris was convicted, after an April 2011 jury trial, in the Camden County Superior Court of two counts of malice murder and possession of a firearm during the commission of a felony.  Harris was sentenced on May 10, 2011, to concurrent terms of life in prison without the possibility of parole for the two malice murder counts and to a consecutive five-year term on the firearm count.  Harris filed a direct appeal with the Supreme Court of Georgia, which affirmed his convictions and sentences on March 7, 2016.  Harris v. State, 783 S.E.2d 632 (Ga. 2016).

---

[1] Harris originally proceeded pro se but is now represented by counsel.  Doc. 4.  .

Harris filed a state habeas corpus application to challenge his convictions and sentence in the Telfair County Superior Court on February 21, 2017, and the Telfair County court denied Harris's requested relief on March 21, 2021. Doc. 13-1 at 1; Docs. 12-3, 12-13. Harris filed an application for a certificate of probable cause to appeal with the Georgia Supreme Court, which that court dismissed on April 4, 2023. Doc. 12-4; https://www.gasupreme.us/docket-search/, search for S21H1001 (last accessed Apr. 18, 2024).

Harris signed his original Petition on April 13, 2023, doc. 1 at 15, and it was filed with this Court on May 10, 2023. Harris seeks to challenge his convictions and sentences obtained in Camden County Superior Court in 2011. Docs. 1, 10. Harris states his trial counsel was ineffective for several reasons, including trial counsel failing to conduct a thorough pretrial investigation or properly review discovery. Doc. 10 at 5. In addition, Harris asserts his appellate counsel rendered ineffective assistance for failing to raise ineffective assistance of trial counsel claims on appeal. Id. at 14. Harris further asserts his trial was "tainted by prosecutorial misconduct[,]" as he was charged by a "corrupt district attorney's office," was denied unspecified, exculpatory evidence, and the lead ballistics expert was forced to resign due to evidence tampering. Id. at 15–16.

Respondent moves to dismiss Harris's Petition as untimely filed. Doc. 13. Harris has responded. Doc. 14. This matter is fully briefed and ready for review.

## DISCUSSION

**I.    Harris's Petition Is Not Timely Filed**

A petitioner seeking to file a federal habeas petition has one year within which to file his petition. 28 U.S.C. § 2244(d)(1). The statute of limitations period shall run from the latest of four possible dates:

2

    (A)    the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of time for seeking such review;

    (B)    the date on which the impediment to filing an application by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Harris's conviction became final at the time of his completion of the direct review process or when the time for seeking such review expired. 28 U.S.C. § 2244(d)(1)(A). Harris was sentenced in the Camden County Superior Court on May 10, 2011, and the Court entered judgment on this same date. Doc. 1 at 1. Harris had a period of 30 days to file a notice of appeal, which he did. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]"). Harris's appeal was decided on March 7, 2016. Harris, 783 S.E.2d at 632. He then had 90 days, or until June 6, 2016, to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. U.S. Sup. Ct. Rule 13.1. Because Harris did not file a petition with the U.S. Supreme Court, his conviction became final on June 6, 2016. Harris had one year from that date in which to file a timely federal habeas petition, or until June 6, 2017. 28 U.S.C. § 2244(d)(1). Harris filed a state petition for writ of habeas corpus on February 21, 2017. Doc. 12-3.

The applicable statute of limitations is tolled during "[t]he time . . . which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

3

judgment or claim is pending." 28 U.S.C. § 2244(d)(2); Taylor v. Williams, 528 F.3d 847, 849 (11th Cir. 2008). "[A]n application is pending as long as the ordinary state collateral review process is in continuance—i.e., until the completion of that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains pending." Carey v. Saffold, 536 U.S. 214, 219–20 (2002) (internal citations omitted).

As noted above, Harris's conviction became final on June 6, 2016. He had one year from that date, or at the latest on June 6, 2017, to file a 28 U.S.C. § 2254 petition for writ of habeas corpus or a properly filed application for state post-conviction or other collateral review. Harris filed his state application on February 21, 2017, which tolled the statute of limitations period after that period had already run for 260 days (between the date of finality of conviction and the date of filing his state application). The state court denied relief on March 12, 2021. Doc. 12-14. Harris filed an application for a certificate of probable cause to appeal the denial with the Georgia Supreme Court on April 5, 2021.[2] However, Harris failed to file a notice of appeal with the state court within 30 days of the denial (i.e., on or before April 12, 2021) as he was required to do. Id.; O.C.G.A. § 9-14-52(b) ("If an unsuccessful petitioner desires to appeal, he must file a written application for a certificate of probable cause to appeal with the clerk of the Supreme Court within 30 days from the entry of the order denying him relief. The petitioner shall also file within the same period a notice of appeal with the clerk of the concerned superior court."). The Georgia Supreme Court dismissed Harris's application for certificate of probable cause to appeal because Harris failed to file the required notice of appeal with the state court. Doc. 12-14. This means Harris's certificate of probable cause application was pending, but not properly filed, and

---

[2] https://www.gasupreme.us/docket-search/, search for "S21H1001," showing a docketing date of April 5, 2021 (last visited Apr. 18, 2024).

did not toll the statute of limitations period.  Reed v. Culliver, 244 F. App'x 304, 307 (11th Cir. 2007) (quoting Artuz v. Bennett, 531 U.S. 4, 8, 9 (2000), for the proposition "an application is '*properly filed*' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings . . . .")).  Thus, the statute of limitations period began to run again on April 12, 2021, which was 30 days after the state court denied Harris habeas relief.  28 U.S.C. § 2244(d); O.C.G.A. § 9-14-52(b).

As of April 12, 2021, Harris had 105 days remaining in the limitations period to file his § 2254 Petition, meaning the Petition had to be filed on or before July 26, 2021.  Harris did not execute his Petition until April 13, 2023.  Doc. 1.  By that time, the statute of limitations period applicable to § 2254 petitions had elapsed.  Consequently, on its face, Harris's Petition was untimely by nearly one year and nine months' time.  However, it must now be determined whether the applicable statute of limitations period was equitably tolled.

A petitioner seeking equitable tolling must establish "he has been pursuing his rights diligently" and "some extraordinary circumstance stood in his way" which prevented him from timely filing his § 2254 petition.  Lawrence v. Florida, 549 U.S. 327, 335 (2007) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).  Equitable tolling is "an extraordinary remedy that must be applied sparingly[,]" and a petitioner must present a "truly extreme case."  Holland v. Florida, 539 F.3d 1334, 1338 (11th Cir. 2008), overruled on other grounds by 560 U.S. 631 (2010).  "'The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.'"  Id. (quoting Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002)).

Harris does not present any basis for equitable tolling of the statute of limitations.  Harris states he had "significant issues" with the mailroom where he is housed and "no amount of diligence . . . could have been" shown to "avoid the considered procedural predicament."

5

Doc. 14 at 2–3.  Harris also states he "exercised extreme diligence" in bringing his claims to this Court.  Id. at 3.

Aside from a few conclusory statements, Harris fails to show he was diligently pursuing his rights or some extraordinary circumstance prevented him from filing a timely § 2254 petition. "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner."  Lugo v. Sec'y, Fla. Dep't of Corr., 750 F.3d 1198, 1209 (11th Cir. 2014).  Harris makes only generalized assertions in response to the Motion to Dismiss and only as to diligence.  Even accepting as true Harris's assertions he has had issues with the mail in prison and this satisfies the diligence prong—a finding not made—he still fails to show an extraordinary circumstance existed to prevent his timely filing.  Harris has the burden of showing he is entitled to the equitable tolling of the statute of limitations and must show both prongs.  As he has failed to meet this burden, Harris is not entitled to equitable tolling.

The Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS as untimely** Harris's § 2254 Petition.

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Harris leave to appeal *in forma pauperis* and a Certificate of Appealability.  Though Harris has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it issues a final order adverse to the applicant." (emphasis supplied); see also Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a Certificate of Appealability is issued. A Certificate of Appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a Certificate of Appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."

7

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000).  "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims."  Miller-El, 537 U.S. at 336.

Based on the above analysis of Harris's Petition and the Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability.  Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith.  Thus, the Court should likewise **DENY** Harris *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Harris's Petition as untimely filed, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Harris *in forma pauperis* status on appeal and a Certificate of Appealability.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 18th day of April, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA